CLOUSE *v.* NUFFER.

1. CONTRACTS—COVENANT NOT TO COMPETE—LEASE—AMBIGUITY—PAROL EVIDENCE.

Trial court's finding that covenant not to compete in hardware appliances and related business in lease agreement between plaintiffs and defendants was not ambiguous, which precluded admission of parol evidence in explanation of covenant, *held,* proper where even most liberal construction of the covenant would not categorize defendants' stock of drugs as related to or in competition with plaintiffs' hardware and appliance business which covenant was designed to protect.

2. LANDLORD AND TENANT—LEASE—OPTION TO RENEW.

Defendants lessees were entitled to renewal of lease under provisions granting option to renew where defendants had not breached covenant not to compete with plaintiffs and had fulfilled all obligations of the lease agreement.

Appeal from Alcona, Miller (Allan C.), J. Submitted Division 3 October 9, 1968. (Docket No. 2,996.) Decided October 22, 1968.

Complaint by Alvin M. Clouse and Constance J. Clouse against George A. Nuffer and Imogene Nuffer for recovery of leased premises and damages for breach of covenant not to compete. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Traxler & Orford,* for plaintiffs.

*Paul Harvey,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1]  17 Am Jur 2d, Contracts § 261 *et seq.*
[2]  32 Am Jur, Landlord and Tenant § 953 *et seq.*

PER CURIAM. Plaintiffs leased part of their building to defendants who covenanted not to compete in "hardware appliances and related business" but only to sell groceries, meats, alcoholic beverages and related items. Plaintiffs continued to receive payments, after complaining that defendants sold various drug items, until the lease expired, when plaintiffs told defendants they would not renew under option because defendants violated the agreement. Defendants held over, and plaintiffs sued. Plaintiffs' action was dismissed and they appeal, raising issues concerning parol evidence offered at trial.

An examination of the record shows that plaintiffs failed to show any ambiguity in the lease. The covenant not to compete was expressly limited and even the most liberal construction would not categorize drugs as a business related to hardware appliances. To import drug items into the covenant limitation would do violence to the clear terms of the agreement. While the court order enjoining defendants' sale of drug items was in error on the law, that point is not raised. Our decision therefore rests on our holding that the parol evidence offered on trial by plaintiffs was properly excluded. Since there was no breach of the lease agreement, defendants were entitled to a renewal under the terms of the lease. Since we find no breach we need not consider the issue of waiver.

Affirmed. Costs to appellees.

LESINSKI, C. J., and FITZGERALD and TEMPLIN, JJ., concurred.